D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JI HYE SONG,

                    Plaintiff,

-against-

JEFF SESSIONS, Attorney General of the United
States, and U.S. CITIZENSHIP AND
IMMIGRATION SERVICES,

                    Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**17-CV-1682 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Ji Hye Song, a native of South Korea, seeks an order pursuant to the Mandamus Act, 28 U.S.C. § 1361, or the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., compelling action on her April 13, 2015, application for an adjustment of status to lawful permanent residence. (Compl. (Dkt. 1).) Defendants Jeff Sessions and the U.S. Citizenship and Immigration Services ("USCIS") move to dismiss the complaint as moot under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted under Rule 12(b)(6). (See Defs. Notice of Mot. to Dismiss ("Mot.") (Dkt. 17); Defs. Mem. in Supp. of Mot. ("Mem.") (Dkt. 18).) For the following reasons, the motion to dismiss is GRANTED.

I.     **BACKGROUND**

Plaintiff was born on June 15, 1980, presumably in South Korea. (See Compl. ¶ 2.) She entered the United States with inspection on December 27, 2006. (Id. ¶ 9.) On December 23, 2014, Plaintiff's I-140 Immigration Petition for Alien Worker (the "I-140 Petition") was filed with USCIS. (Id. ¶ 10.) The I-140 Petition was approved on February 25, 2015. (Id.) Now that Plaintiff's I-140 Petition had been approved, she was permitted to apply for adjustment to permanent residence. (See I-797, Not. of Action (Dkt. 1 at ECF p.9).) Accordingly, on April 13,

1

2015, Plaintiff filed her I-485 Application for Adjustment for Permanent Residence (the "I-485 Application"). (See Compl. ¶ 10; Pl. Aff. (Dkt. 20 at ECF p.40) ¶ 2.)

As of March 30, 2017, Plaintiff's I-485 Application was still pending. (See Compl. ¶ 11.) She then filed the instant complaint, seeking to compel Defendants to act on her application. (Id. ¶ 1.) On July 25, 2017, Plaintiff informed the court that USCIS had denied her I-485 Application five days earlier. (July 25, 2017, Letter (Dkt. 8).) In that letter, Plaintiff stated that USCIS issued its decision following a "hostil[e]" interview on July 6, 2017 in which the USCIS officer "took advantage of the imbalanced power dynamic in the room." (Id. at 1.) She alleged that the USCIS officer interrupted Plaintiff's counsel, encouraged Plaintiff to fire her attorney, and terminated the interview prior to its conclusion. (Id. at 2-3.) She claimed that this "unwarranted level of hostility" violated her procedural due process rights under the Fifth Amendment, her rights under the APA, and "amount[ed] to First Amendment retaliation." (Id. at 2, 4.)

On August 10, 2017, Defendants informed the court that USCIS had sua sponte reopened Plaintiff's application process and scheduled another interview with Plaintiff for September 7, 2017. (Aug. 10, 2017, Letter (Dkt. 9).) On October 24, 2017, USCIS again denied Plaintiff's application. (Denial of Pl. I-485 Appl. (Dkt. 19 at ECF p.23).) In its decision, USCIS stated that Plaintiff provided inconsistent testimony and documentation concerning her previous residences, employment, and education; failed to provide requested documentation; and failed to submit requested tax information, with the exception of an updated G-325A form. (Id. at 6-7.) The decision also stated that USCIS determined that Plaintiff was in the United States in violation of the law at the time of her application, and that she should make arrangements to depart as soon as possible. (Id. at 7.) On or about November 24, 2017, Plaintiff filed a Form I-290B Notice of

2

Appeal or Motion. (Not. of Appeal or Mot. (Dkt. 19 at ECF p.35).) Following review, USCIS concluded that the previous denial of Plaintiff's I-485 Application would "remain unchanged" and stated that its decision on the I-485 Application was "final." (Id. at 3.)

The court granted Defendants leave to move to dismiss the complaint on March 15, 2018. (Mar. 15, 2018, Min. Entry.) The motion was fully briefed on June 14, 2018. (See Mot.; Mem.; Pl. Opp'n to Mot. ("Pl. Opp'n") (Dkt. 20 at ECF p.1); Defs. Reply in Supp. of Mot. ("Defs. Reply") (Dkt. 21).)

## II. LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "Dismissal under Rule 12(b)(1) is therefore proper when a case becomes moot." Bais Yaakov of Spring Valley v. Educ. Testing Serv., 251 F. Supp. 3d 724, 728 (S.D.N.Y. 2017) (citing Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013)). A case is not moot unless "it is impossible for a court to grant any effectual relief whatever to the prevailing party." Chevron Corp. v. Donziger, 833 F.3d 74, 124 (2d Cir. 2016) (quoting Chafin v. Chafin, 568 U.S. 165, 172 (2013)). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." Id. (alteration adopted) (quoting Knox v. SEIU, Local 1000, 567 U.S. 298, 307-08 (2012)).

"The court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Khanom v. Kerry, 37 F. Supp. 3d 567, 572 (E.D.N.Y. 2014) (alteration adopted) (internal quotation marks omitted) (quoting Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008)). "In

3

resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." Makarova, 201 F.3d at 113; see Khanom, 37 F. Supp. 3d at 572.

## III. DISCUSSION

Defendants move to dismiss the complaint on two grounds. First, they argue that USCIS's voluntary adjudication of the I-485 Application renders the action moot, thus divesting the court of subject-matter jurisdiction over this action. (Mem. at 4-8.) In the alternative, they submit that Plaintiff has not alleged a basis on which the court can grant relief under either the Mandamus Act or the APA. (Id. at 8-9.) Because the court agrees that the USCIS's adjudication of Plaintiff's I-485 Application renders this action moot, the court GRANTS the motion to dismiss for lack of subject-matter jurisdiction. See Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011) ("When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds such as Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the [c]ourt must consider the Rule 12(b)(1) motion first." (citing, inter alia, Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990))).

### A. Mootness

Plaintiff seeks an order "to compel action on [the I-485 Application]." (Compl. ¶ 1.) As discussed above, USCIS denied Plaintiff's I-485 Application on October 24, 2017, and subsequently denied her motion for reconsideration of the denial. While Plaintiff may not have received the outcome she desired from USCIS, there can be no mistaking that she received from USCIS what she sought to compel the agency to give her—an adjudication of her I-485 Application. Accordingly, the court must grant Defendants' motion to dismiss for lack of

4

subject-matter jurisdiction. See Chen ex rel. Jinghon v. Sessions, 321 F. Supp. 3d 332, 337 (E.D.N.Y. 2018); Khanom, 37 F. Supp. 3d at 573-74.

B. **The Court's Ability to Review USCIS's Denial of the I-485 Application**

Nevertheless, Plaintiff makes a number of arguments for why, even if her claim to an order compelling action on her I-485 Application is moot, the court should deny Defendants' motion to dismiss for lack of subject-matter jurisdiction and grant her different relief. These arguments require the court to ask whether Plaintiff has raised a justiciable challenge to the denial of her I-485 Application, rather than a simple, now-moot request to adjudicate her application. Because Plaintiff has no permissible grounds for challenging the denial of her I-485 Application before this court, the court adheres to its decision to grant Defendants' motion to dismiss for lack of subject matter jurisdiction.

The Immigration and Nationality Act ("INA") precludes judicial review for "any judgment regarding the granting of relief under section ... 1255 [the section of the INA that sets forth adjustment-of-status procedures]." 8 U.S.C. § 1252(a)(2)(B)(i). "In general, '8 U.S.C. § 1252(a)(2)(B)(i) eliminates district court jurisdiction to review the denial of an I-485 application' under § 1255.'" Sandhu v. United States, 916 F. Supp. 2d 329, 332-33 (E.D.N.Y. 2013) (quoting Ruiz v. Mukasey, 552 F.3d 269, 276 n.4 (2d Cir. 2009)). There are, however, two exceptions to this rule:

> First, under § 1252(a)(2)(D), "this jurisdictional bar would not apply to petitions raising constitutional claims or questions of law." Second, courts have limited the scope of § 1252(a)(2)(B)(i) in that it "does not bar judicial review of nondiscretionary, or purely legal, decisions."

Id. (first quoting Ruiz, 552 F.3d at 276 n.4, and then quoting Sepulveda v. Gonzales, 407 F.3d 59, 63 (2d Cir. 2005)).

5

First, arguing that what she really seeks is "a reevaluation of her status as the fully eligible applicant [for] employment-based immigration," Plaintiff claims that USCIS's use of discretion in denying her I-485 Application violated the APA. (See Pl. Opp'n at 4-6.) Here, Plaintiff maintains that USCIS was incorrect to base its denial of her application on its "suspicion about whether Plaintiff maintained her legal status since her entry into the United States" and its "suspicion about Plaintiff's education credential." (Pl. Opp'n at 4-6.) Plaintiff's claim on this ground is barred by § 1255. USCIS's decision to base its denial of the I-485 Application on these factors is the exact kind of nondiscretionary decision that this court may not review. See Mantena v. Johnson, 809 F.3d 721, 728 (2d Cir. 2015) ("[Section 1255] strips jurisdiction over a substantive discretionary decision . . . ."); Sandhu, 916 F. Supp. 2d at 333 ("[C]ourts lack jurisdiction to review USCIS's 'factfinding, factor-balancing, and exercise of discretion' under § 1252(a)(2)(B) . . . ." (quoting Rosario v. Holder, 627 F.3d 58, 61 (2d Cir. 2010))).

Plaintiff's second argument presents a closer case, in that it makes a colorable claim that she might be entitled to relief under one of the exceptions to § 1252(a)(2)(B): Here, Plaintiff seeks to raise questions about the procedures with which USCIS adjudicated her I-485 Application, claiming that her Fifth Amendment rights were violated. (See Pl. Opp'n at 6-8.) Nonetheless, Plaintiff's attempts fail because she does not raise any justiciable procedural challenges to the I-485 Application review process, and because this court is not the proper forum for constitutional claims relating to the denial of her I-485 Application.

Plaintiff is correct that § 1252(a)(2)(B) "does not prevent judicial review of the conduct of the administrative proceedings" (Pl. Opp'n at 7 (quoting Kurapati v. USCIS, 775 F.3d 1255, 1262 (11th Cir. 2014) (per curiam))); however, a plaintiff challenging the procedure by which

USCIS adjudicated an application for adjustment of status must assert that the agency ignored existing procedural safeguards. See Mantena, 809 F.3d at 728-30. For example, in Mantena, the Second Circuit held that the district court had jurisdiction to review the plaintiff's claim that USCIS violated its own notice regulations. Id. Here, Plaintiff claims that the USCIS adjudicator improperly instructed Plaintiff to fire her attorney and prematurely terminated Plaintiff's adjustment interview, thus preventing her from "clear[ing] up the 'discrepancies' and 'questions' that the USCIS now capriciously claims . . . to have existed in Plaintiff's application." (Pl. Opp'n at 7.) Plaintiff does not allege that these actions ran afoul of existing procedural safeguards but, rather, vaguely alleges that they violated her right to due process under the Fifth Amendment. (See id. at 6, 8.) The exception to § 1252 for constitutional claims is, however, inapplicable here, given that the exception requires such claims to be raised "upon a petition for review filed with an appropriate court of appeals." § 1252(a)(2)(D) (emphasis added). Plaintiff submits that the requirement that she bring her constitutional claim in the court of appeals does not apply here because she filed the instant complaint prior to the allegedly faulty adjudication of her I-485 Application by USCIS. (Pl. Opp'n at 8.) But Plaintiff points to no case law supporting her proffered legal rule, instead citing only a case in which the district court adjudicated the plaintiff's application for naturalization, as permitted under 8 U.S.C. § 1447(b). (See id. at 8-9 (citing Aarda v. USCIS, No. 06-CV-1561, 2008 WL 53280, at *2 (D. Minn. Jan. 3, 2008)).) Instead, as Defendants correctly state, "there are numerous cases in this [c]ircuit that demonstrate that USCIS has the authority to adjudicate I-485 Applications after the mandamus litigation has commenced." (Defs. Reply at 4; see id. at 4-5 (collecting cases).) Accordingly, this court does not have jurisdiction to review Plaintiff's challenge to USCIS's discretionary denial of her I-485 Application. See Shabaj v. Holder, 718 F.3d 48, 51 (2d Cir. 2013); see also Agor v. Lynch, 276

F. Supp. 3d 7, 18 (S.D.N.Y. 2017) (noting that the § 1252(a)(2)(D) exception does not apply where a plaintiff "seeks district court review of a denial of an adjustment of status").

* * *

Because Plaintiff's complaint seeks an order compelling action on her I-485 Application, and because the original relief sought by Plaintiff was mooted by the USCIS's adjudication of her I-485 Application, there are no live claims for the court to adjudicate and the action is moot.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 17) is GRANTED. Plaintiff's complaint is DISMISSED without prejudice. The Clerk of Court is respectfully DIRECTED to enter judgment for Defendants and close the case.

SO ORDERED.

Dated: Brooklyn, New York
October 16, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge